# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0151V
Filed: November 7, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| KATHERINE R. HIME, | |
| Petitioner, | Damages Decision Based on Proffer; |
| v. | Influenza ("Flu") Vaccine; Shoulder |
| | Injury Related to Vaccine Administration |
| SECRETARY OF HEALTH | ("SIRVA"); Special Processing Unit |
| AND HUMAN SERVICES, | ("SPU") |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Daniel Henry Pfeifer*, Pfeifer, Morgan & Stesiak, South Bend, IN, for petitioner.
*Michael Patrick Milmoe*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On February 2, 2016, Katherine R. Hime ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza ("flu") vaccine on January 30, 2014. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 4, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation. On November 7, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $77,665.11. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards the following:**

a) **A lump sum payment of $2,665.11, which amount represents reimbursement of a State of Indiana Medicaid lien, in the form of a check payable jointly to petitioner, and**

> HP Enterprise Services/TPL
> P.O. Box 7262
> Indianapolis, IN 46207-7262
> Re: Katherine R. Hime 49CO11502MI006151

Petitioner agrees to endorse this check to the appropriate State agency.

b) **A lump sum payment of $75,000, in the form of a check payable to petitioner, Katherine R. Hime.** These amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> s/Nora Beth Dorsey
> Nora Beth Dorsey
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| KATHERINE R. HIME, | ) ) ) | |
| Petitioner, | ) ) | No. 16-151V |
| | ) | Chief Special Master Dorsey |
| v. | ) | ECF |
| | ) | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| | ) | |
| Respondent. | ) ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.    Compensation for Vaccine Injury-Related Items**

On May 4, 2016, the Chief Special Master issued a Ruling on Entitlement finding that petitioner was entitled to vaccine compensation for her Shoulder Injury Related to Vaccine Administration.  Respondent proffers, based on the evidence of record, that petitioner should be awarded $77,665.11, including satisfaction of a State of Indiana Medicaid lien.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.    Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through the following lump sum payments:

a)  a lump sum of $2,665.11, which amount represents reimbursement of a State of Indiana Medicaid lien, in the form of a check payable jointly to petitioner, and

   HP Enterprise Services/TPL
   P.O. Box 7262
   Indianapolis, IN 46207-7262
   Re: Katherine R. Hime 49CO11502MI006151

Petitioner agrees to endorse this check to the appropriate State agency.

b) a lump sum payment of $75,000, in the form of a check payable to petitioner.[1]

Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch, Civil Division

*/s/ Michael P. Milmoe*
MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Phone:   (202) 616-4125

Dated:  November 7, 2016               Fax:       (202) 616-4310

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.