# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0151V
Filed: May 30, 2017
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| KATHERINE R. HIME, * | |
| * | |
| Petitioner, * | |
| v. * | |
| * | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH * | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Daniel H. Pfeifer, Pfeifer, Morgan & Stesiak, South Bend, IN, for petitioner.*
*Michael P. Milmoe, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On February 1, 2016, Katherine R. Hime ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration (SIRVA) as a result of receiving an influenza (flu) vaccine on January 30, 2014. On November 7, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 32).

On May 30, 2017, petitioner filed an unopposed motion for attorneys' fees and costs. (ECF No. 36).[3] Petitioner requests attorneys' fees in the amount of $7,140.00,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] In the motion, petitioner states that respondent has no objection to petitioner's request.

and attorneys' costs in the amount of $464.63 for a total amount of $7,604.63.  *Id.* at 1. In compliance with General Order #9, petitioner has filed a signed statement indicating petitioner incurred no out-of-pocket expenses.  (ECF No. 37).

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.[4]

**Accordingly, the undersigned awards the total of $7,604.63,[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Pfeifer, Morgan & Stesiak.**

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

                                                            **s/Nora Beth Dorsey**
                                                            Nora Beth Dorsey
                                                            Chief Special Master

---

[4] The undersigned notes that time invoices submitted by petitioner's attorney reflect that the paralegal billed at $150 an hour, which is an amount higher than the forum hourly rate approved for paralegals under the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule. http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. However, given the overall reasonableness of the total amount billed in petitioner's fee application, the undersigned awards petitioner the full amount requested for her attorney's fees and costs in this particular case.

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.